Statement of the case.

## FANNIE SAVAGE v. ELI FAIRMAN.

### (Case No. 944.)

1. JUDGMENT — LIEN — VENDOR AND VENDEE.— A plaintiff who, at execution sale under judgment foreclosing a lien reserved in a deed made by him to the defendant, in a proceeding to which a subsequent vendee in possession was not a party, may, after bidding off the land and crediting the amount of his bid on the execution, have the sale set aside, in a subsequent proceeding against both parties, the credit on the execution cancelled, and the property subjected by decree to sale to satisfy the lien. No objection to the second proceeding was urged by the defendant in the original suit.
2. JUDGMENT — SAME.— The legal effect of both proceedings is a personal judgment against the original vendee for the debt, and a decree against him and his vendee, subjecting the land to the satisfaction of the lien.

APPEAL from Anderson. Tried below before the Hon. Peyton F. Edwards.

Suit brought March 21, 1879, by appellee, as plaintiff in the district court, against the appellant and W. P. Savage, to foreclose a lien on a tract of land conveyed by W. S. Coker and others to W. P. Savage, and conveyed by him to his wife, the appellant. The lien was retained in the deed from Coker to Savage, and referred to in the deed from Savage to his wife, and also retained in a promissory note executed by W. P. Savage to W. S. Coker, bearing the same date with the deed, and given for the balance of the purchase money due from W. P. Savage to W. S. Coker, and transferred by Coker to the appellee, Eli Fairman.

Prior to the institution of this suit, the appellee, as plaintiff, brought suit on the note above mentioned and to enforce the lien on the land, against W. P. Savage, the maker of the note, as defendant, numbered 3159 on the docket, and filed November 26, 1878. At the following term of the court, and on the 13th of December, 1878, judgment was rendered for the plaintiff for the balance due on the note, and enforcing the lien on the land for payment. The land was sold by the sheriff by virtue of the order of sale, and purchased by appellee, the

amount of his bid being entered as a credit on the order of sale, and the sheriff made him a deed on March 5, 1879.

These matters were set out in the present suit (referred to as numbered 3169 on the docket), and in addition it was charged that the appellant Fannie Savage was a subsequent purchaser with notice of the lien, and that the purchase money was unpaid, and that she was not a party to the former suit and foreclosure of Fairman against W. P. Savage, with a prayer to vacate the sheriff's sale and cancel the credit entered on the order of sale, and for a resale of the property in payment of the purchase money, and for general relief.

The defendant Fannie Savage alone appeared; she answered by general and special exception. 1. The general denial. 2. A plea in bar by way of confession and avoidance. 3. A claim of homestead and purchase from W. P. Savage and plea of estoppel. 4. A special answer alleging an alteration in the note. A loan of $400 by Fairman to W. P. Savage. A mortgage from Savage and wife to Fairman on the land to secure the loan. Payment to Coker. A repetition of homestead and claim of separate property. An alleged fraudulent agreement between Fairman and W. P. Savage to deliver the note sued on to Fairman for suit, and to foreclose the lien after it had been paid off. 5. A repetition of the conveyance from W. P. Savage to Fannie Savage, and the consideration and inducement for it, and denying notice of the lien, with a prayer for the cancellation of the note to Coker, and to be quieted in her title; or, if the lien should be enforced, that the lots not embracing the homestead of two hundred acres be first sold.

The court gave judgment for appellee as plaintiff, vacating the sheriff's sale and cancelling the entry of the credit on the order of sale, the plaintiff's bid, and decreeing a resale of the land as prayed for in the petition. The defendant Fannie Savage made a motion for a new trial, which being overruled, she gave notice of appeal, assigned errors, etc.

The evidence was quite voluminous, and issues ably discussed, which in view of the opinion are omitted.

*Greenwood & Gooch* for appellant.

I. Where a party, at his own execution sale, bids off the property, and credits his judgment to the amount of his bid, and accepts a deed to the property from the sheriff, he is bound by his purchase, unless he can show by an original proceeding in equity, in the nature of a supplemental bill to review and reopen the record in the case in which his execution issued, that he was induced to purchase at his own execution sale by mistake, accident or fraud.   See Freeman on Executions, sec. 310; Freeman on Judgments, secs. 102, 104, a. and b., 486, 487; Story's Equity Pleading, secs. 350–354.

II. That there can be but one final judgment at law or decree in equity in each case; and when a final judgment at law or decree in equity has once been entered of record in a case, it must stand as the final judgment at law or decree in equity in the particular case until it is vacated, modified or set aside by an appeal or writ of error, or by some kind of appropriate original proceeding instituted for that purpose in the particular case, reopening the case.   Entering additional judgment entries in a collateral proceeding is not such a proceeding. Teas *v.* McDonald, 13 Tex., 356; Brown *v.* Lane, 19 Tex., 205.

*R. A. Reeves* for appellee.— The purchase by the judgment creditor in this case did not operate a satisfaction of the lien, and such creditor may have the sale vacated and the entry of his bid on the order of sale cancelled, and, by a suit against the subsequent purchaser from the vendee, have the property resold.   Townsend *v.* Smith, 20 Tex., 465, 470; Pitman *v.* Henry, 50 Tex., 364; Carter *v.* Attoway, 46 Tex., 108; Wright *v.* Wooters, 46 Tex., 383; Peters *v.* Clements, 46 Tex., 124, 125; Hall *v.* Hall, 11 Tex., 547; Rorer on Jud. Sales, secs. 382, 394; Freeman on Ex., sec. 352; Lansing *v.* Quackenbush, 5 Cow. 38; Adams, etc., *v.* Parmeter, id., 280; Baker *v.* Ramey, 27 Tex., 59; Rorer on Jud. Sales, secs. 872, 880, 905.

BONNER, ASSOCIATE JUSTICE. — At the sale of the land under the first judgment, in which appellee Fairman was plaintiff

and W. P. Savage was defendant, Fairman was the purchaser, and the amount of his bid was credited upon the execution.

That the title he may have acquired under this sale was so clouded by the claim of Fannie Savage as to have greatly impaired if not entirely defeated it, was sufficient, at least when W. P. Savage does not complain, to have warranted the interposition of the court to have the sale set aside, and the credit on the execution cancelled.

W. P. Savage does not appeal, and the case as between the parties now before the court, is, in effect, a supplemental proceeding to subject the claim of Fannie Savage to the superior lien of Fairman.

She purchased with full notice of this lien, she does not offer to discharge it, and does not show any substantial legal or equitable reason why the same should not be enforced against her.

The two judgments as to the demand against W. P. Savage are virtually one and the same, and the legal effect of the whole proceeding is that a personal judgment has been rendered against W. P. Savage for the amount, principal and interest, of the note executed by him to W. S. Coker, and a decree against both him and Fannie Savage, subjecting the land for which note was given to the lien for the purchase money.

AFFIRMED.

[Opinion delivered October 19, 1880.]